United States District Court
Southern District of Texas
**ENTERED**
November 28, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL PARENT, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-02756 |
| | § | |
| ALLSTATE FIRE AND CASUALTY COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

Pending before me is Plaintiff Daniel Parent's Motion to Remand. *See* Dkt. 6. For the reasons set forth below, I **DENY** the Motion to Remand.

## BACKGROUND

This case arises out of an October 18, 2021 traffic accident. Plaintiff Daniel Parent ("Parent") alleges that he was struck by an uninsured driver. At the time of the accident, Allstate Fire and Casualty Company ("Allstate") provided Parent with uninsured/under-insured motorist coverage, providing $50,000 policy limits per person. Parent contends that Allstate did not offer a fair settlement of his claims.

On July 13, 2022, Parent filed a lawsuit in the 270th Judicial District Court of Harris County, Texas against Allstate. Parent's Original Petition alleges causes of action for (i) breach of contract; (ii) unfair settlement practices in violation of Texas Insurance Code § 541.060; (iii) failure to promptly pay claim in violation of Texas Insurance Code § 542.051; (iv) breach of the duty of good faith and fair dealing; and (v) a request for a declaratory judgment establishing the parties' rights and responsibilities under the insurance policy at issue.

The Original Petition expressly acknowledges under the heading "Jurisdiction and Venue" that "the amount in controversy exceeds $75,000.00." Dkt. 1-3 at 4–5. A few pages later, in the "Damages" section of the Original Petition, Parent alleges that he "suffer[ed] serious bodily injuries" and incurred "damages

for which [he] seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00." *Id.* at 10. The lawsuit lists various categories of actual monetary damages for which Parent seeks to recover, including but not limited to: (i) past and future reasonable and necessary medical care and expenses; (ii) past and future mental anguish; (iii) past and future lost wages and earning capacity; (iv) three times actual damages; (v) attorney's fees; (vi) pre-judgment and post-judgment interest; and (vii) court costs. *See id.* at 10-11.

Allstate removed this case to federal court, alleging diversity jurisdiction. Parent has filed a Motion to Remand. In that motion, Parent concedes that the parties are diverse, but he now argues—notwithstanding the Original Petition's allegations to the contrary—that this case does not meet the $75,000 amount-in-controversy requirement.

## DISCUSSION

A defendant may remove a case from state to federal court only if the case is within the federal court's original jurisdiction. *See* 28 U.S.C. § 1441(a). Congress granted federal courts jurisdiction over two general types of cases: (1) cases that arise under federal law (federal-question jurisdiction), and (2) cases in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties (diversity jurisdiction). *See id.* §§ 1331, 1332(a).

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quotation omitted). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal.").

The propriety of removal in this case hinges on whether diversity jurisdiction exists. Complete diversity of citizenship between the parties—that is, that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side"—is not at issue. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted). Parent is a Texas citizen; Allstate is considered an Illinois citizen for diversity purposes. Parent and Allstate disagree only as to the amount in controversy.

The federal removal statute provides that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). As a result, when the initial pleading demands a specific amount, that sum "is itself dispositive of jurisdiction if the claim is apparently made in good faith." *Scarlott*, 771 F.3d at 888 (quotation omitted). The United States Supreme Court explained the so-called "legal certainty" test more than 80 years ago:

> [I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

As noted above, Parent's state court petition specifically asks for monetary relief of more than $1 million.[1] That should be the end of the discussion so long as

---

[1] I would note that Texas Rule of Civil Procedure 47 requires that a plaintiff plead monetary damages within four enumerated ranges: "(1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs; (2) monetary relief of $250,000 or less and non-monetary relief; (3) monetary relief over $250,000 but not more than $1,000,000; [or] (4) monetary relief over $1,000,000." TEX. R. CIV. P. 47(c)(1)–(4). Curiously, Parent did not abide by this rule, as his Original Petition failed to identify one of these prescribed ranges of monetary damages sought. Instead, Parent unequivocally stated in his state court pleading both that "the amount in controversy exceeds $75,000.00," Dkt. 1-3 at 5, and that he "seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00." *Id.* at 10. Although not particularly relevant here, Parent argues that every plaintiff who complies with Texas Rule of Civil Procedure 47 is, in effect, subjecting himself to federal jurisdiction because he is forced to state that more than $75,000 is at stake. Parent is mistaken. "[A]n

that claim for monetary relief was made in good faith. In this case, I have no reason to think that Parent's counsel acted in bad faith when filing the state court petition seeking more than $1 million in damages. At a status conference, I quizzed Parent's counsel as to the request in the Original Petition for more than $1 million in damages. Based on the representations from Parent's counsel, that demand was made in good faith and represents the actual damages Parent ultimately hopes to recover in this lawsuit. Case closed.

Even if I were to ignore the plain and unambiguous language contained in Parent's Original Petition, which expressly demands more than $1 million in damages, I am convinced that the amount in controversy unquestionably exceeds $75,000. *See Manguno*, 276 F.3d at 723. It has long been the law in the Fifth Circuit that a district court may consider a pre-suit demand letter in determining the value of a plaintiff's claims at the time of removal. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). Indeed, a pre-removal settlement demand letter "is valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995).

Here, Parent's demand letter, sent on May 25, 2022, describes his actual damages as follows: "Past medical expenses (to date) are $63,159.00 for Mr. Parent . . . . Lost Wages are currently $1,505.53. Towing expenses were incurred at $240.18." Dkt. 9 at 39. Added up, that totals $64,904.71. That amount does not even include any amount for future medical expenses or mental anguish damages. Parent also seeks an award of treble damages. Because an award of treble damages

---

allegation that a party is seeking monetary relief of [$250,000] or less is not tantamount to a claim that the party is seeking at least $75,000, exclusive of interest and costs." *Wilson v. JPMorgan Chase Bank, N.A.*, No. 4:13–CV–877–A, 2013 WL 5952576, at *3 (N.D. Tex. Nov. 7, 2013) (quotation omitted); *see also Power Mgmt. Controls, Inc. v. 5Nickles, Inc.*, No. 3:20-CV-00154, 2020 WL 4678055, at *6 (S.D. Tex. June 25, 2020) (Plaintiff's "statement in the Original Petition that it is seeking less than [$250,000] provides no guidance or assistance to determine whether the amount in controversy in the Original Petition exceeds $75,000.").

authorized by the Texas Insurance Code is considered part of the amount in controversy, the $75,000 threshold is unquestionably satisfied in this matter. *See Knowles Publ'g v. Am. Motorists Ins. Co.*, 248 F.3d 1139, 2001 WL 85914, at *3 (5th Cir. Jan. 25, 2001); *Plunkett v. Companion Prop. & Cas. Ins. Co.*, No. 1:15-CV-474, 2016 WL 8931300, at * 4 (E.D. Tex. Apr. 8, 2016). And that is not even considering Parent's request that he be awarded court costs and reasonable and necessary attorney's fees under the Texas Insurance Code. *See* TEX. INS. CODE § 541.152(a)(1) (permitting a prevailing plaintiff to recover "court costs and reasonable and necessary attorney's fees"). Court costs and reasonable and necessary attorney's fees are also included in determining whether the amount in controversy has been satisfied. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[A]ttorney's fees are includable when the state statute allowing cost shifting expressly defines the allowable expenses of litigation to include attorney's fees."); *Manguno*, 276 F.3d at 723 ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."). Long story, short: the jurisdictional threshold is easily satisfied in this case.

Parent argues that I should ignore all the claims set forth in the Original Petition, except for the declaratory judgment action, in determining the amount in controversy. Because the limits for the uninsured policy at issue are $50,000 per individual, Parent contends that the amount in controversy falls well below the $75,000 threshold required for diversity jurisdiction. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). Parent insists that I focus solely on the declaratory judgment claim because, under Texas law, a plaintiff in a suit alleging a breach of an uninsured motorist policy must first establish that the uninsured motorist is liable for plaintiff's damages. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (The "insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing

5

the liability and underinsured status of the other motorist."). The Texas Supreme Court has held that an insurer's obligation to pay may be triggered by a declaratory judgment that the other motorist was at fault and uninsured. *See Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 267 (Tex. 2021) ("[A] declaratory judgment action is the appropriate remedy for determining the underlying tort issues that control the validity of an insured's [underinsured motorist] claim against his insurer."). Until the insured obtains a judgment establishing the liability and uninsured status of the other motorist, any contractual and extra-contractual claims are not ripe for adjudication. *See Brainard*, 216 S.W.3d at 818. The alleged damages stemming from the contractual and extra-contractual claims, Parent contends, should not be considered as part of the amount in controversy requirement. I do not agree.

To determine whether the amount in controversy exceeds $75,000, I must "consider the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723. In this case, those claims include a declaratory judgment claim, as well as contractual and extra-contractual claims for relief. Those claims unquestionably involve an amount in controversy that exceeds $75,000. The Texas Supreme Court has held that a trial court should bifurcate and abate any extra-contractual claims until the insured's entitlement to uninsured motorist benefits under the policy has been established. *See In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 876 (Tex. 2021). That means that, in the event that there is a judicial determination that the uninsured motorist was at fault, Parent will then be able to proceed in the same case against Allstate on his non-declaratory judgment claims for relief. It runs counter to the underlying purpose behind the removal statute to prohibit Allstate from obtaining a federal forum when more than $75,000 is, potentially, at stake. District courts should not get bogged down in evaluating claims on the merits to determine if federal jurisdiction exists. *See Johns–Manville Sales Corp. v. Mitchell Enters., Inc.*, 417 F.2d 129, 131 (5th Cir. 1969) (although state statute of limitations might preclude plaintiff from recovering a sum sufficient to trigger the federal jurisdictional threshold, "this is a

6

factual issue requiring an adjudication on the merits of this case," and the "availability of the defense to [the defendant], even if apparent on the face of [the plaintiff's] complaint, does not operate to deprive the federal court of jurisdiction").

To be clear, Parent could have easily prevented this case from being removed from state court to federal court. All he had to do was assert a single declaratory judgment claim in his state court petition. Such a claim would not have been removable because the amount in controversy would not have exceeded the $75,000 required for diversity jurisdiction to attach. But once Parent chose to add contractual and extra-contractual claims seeking damages exceeding $1 million, the amount in controversy no longer became an obstacle to the existence of federal jurisdiction. Although there is no dispute that the parties are completely diverse, Parent asks me to remand this case back to state court, let him pursue his declaratory judgment claim in the first part of a bifurcated trial, and then seek more than $1 million in damages in the second part of a bifurcated trial at the state-court level. I will not do that. Allstate has met its burden to show that diversity jurisdiction exists and removal was proper.

## CONCLUSION

For the reasons stated above, the Motion to Remand is **DENIED**.

SIGNED this 28th day of November 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE